James H. IRWIN

v.

**TENNESSEE DEPARTMENT OF CORRECTION.**

Court of Appeals of Tennessee, Western Section, at Nashville.

Assigned on Briefs to Western Section on May 29, 2007.

Aug. 13, 2007.

Order on Denial of Rehearing Sept. 10, 2007.

James H. Irwin, appellant, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, and Kellena Baker, Assistant Attorney General, for appellee, Tennessee Department of Correction.

**OPINION**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

This case involves a petition for writ of certiorari filed by a state inmate. A prison disciplinary board found the inmate pe-

titioner guilty of conspiring to violate state law. The inmate then filed a petition for common-law writ of certiorari, seeking judicial review of the disciplinary proceedings on several grounds. The Department did not oppose the granting of the writ and filed the administrative record for the trial court's review. Based upon this record, the trial court dismissed the inmate's claims. The inmate now appeals. We dismiss this appeal for lack of appellate jurisdiction, finding that the order entered by the trial court was not a final and appealable judgment.

Petitioner/Appellant James H. Irwin is a state inmate in the custody of the Tennessee Department of Correction ("TDOC" or "Department"). At all times pertinent to this dispute, Irwin was incarcerated at the South Central Correctional Facility in Wayne County, Tennessee.

On September 19, 2005, Irwin was placed in segregation, after a prison official received information from a confidential source that Irwin was attempting to bring drugs into the prison facility through the mail. On September 25, 2005, following an investigation into Irwin's mail and his telephone conversations, Irwin was served with a disciplinary report charging him with "Conspiracy to Violate State Law." The report alleged that Irwin conspired with his wife to bring drugs into the prison when she visited him.

On October 3, 2005, a disciplinary board ("Board") conducted a hearing. Irwin attended the hearing and was represented by an inmate advisor. At the hearing, the Board heard testimony from a reporting officer about the confidential information that triggered the investigation, as well as a recording of a telephone conversation between Irwin and his wife, during which they discussed hiding an "item ... behind the stamp." Based on this evidence, the Board found Irwin guilty of the charged offense; it recommended a sentence of ten days in punitive segregation and a $5.00 fine. The TDOC Liaison approved the Board's decision.[1] In a later appeal, the TDOC Commissioner affirmed the conviction.

After exhausting his administrative remedies, Irwin filed a pro se petition for common-law writ of certiorari against TDOC in the Circuit Court for Wayne County. In his petition, Irwin alleged that the Department acted illegally and arbitrarily by convicting him without any evidence. He also alleged that TDOC failed to follow its Uniform Disciplinary Procedures, contending that the Board failed to follow the verification procedures for utilizing confidential information and that his inmate advisor was prevented from presenting a defense on his behalf. On this basis, Irwin argued that "his petition asserts more than a minor deviation from those procedures [and that] this petition shows a substantial prejudice, a[n] arbitrary conviction." Finally, Irwin alleged a violation of due process, claiming that he was denied a fair hearing before the Board. Irwin asked the trial court to grant the writ and reverse the decision of the Board.

The Department did not oppose the granting of the writ and proceeded to file the administrative record for the trial

[1]. The South Central Correctional Facility is a privately operated and managed state prison. Privately operated prisons do not have authority to discipline state prisoners. T.C.A. § 41-24-110(5). TDOC's Uniform Disciplinary Procedures, therefore, "mandate appointment of a liaison between the TDOC and the private contractor." *Mandela v. Campbell,* 978 S.W.2d 531, 532 (Tenn.1998). The TDOC liaison is required to review and approve the disciplinary board's recommendation for punishment before the actual punishment is imposed. *See id.*

court's review. Shortly thereafter, the Department filed a motion for judgment on the record. Irwin filed a response in opposition to the Department's motion.

On November 3, 2005, the trial court entered the following order:

> This writ of certiorari came to be heard upon the pleadings and record, without testimony or argument other than that in the briefs of the parties.
>
> The petitioner alleges that the inmate disciplinary proceedings violated his procedural due process rights. To prevail, he must persuade the court that prison officials imposed "atypical and significant hardships on him that are not ordinarily incident to prison life."
>
> The record is sufficient to establish by a preponderance of the evidence that the petitioner communicated with an outside person about hiding drugs or other contraband behind stamps.
>
> The petitioner's punishment was ten days of punitive segregation and a $5.00 fine. The evidence was more than strong enough to support such a minor punishment, which is not atypical in relation to ordinary incidents of prison life. There was no violation of due process.
>
> . IT IS, THEREFORE, ORDERED that the petition for writ of certiorari be and is hereby denied and dismissed with prejudice.

(citation omitted). Thus, the trial court dismissed Irwin's claim for relief, finding that the record sufficiently established Irwin's guilt and that no violation of due process occurred. Following the trial court's order, Irwin filed a timely notice of appeal.

On appeal, Irwin asserts that the trial court erred in dismissing his petition. However, before we can address the substantive issues raised by Irwin in this appeal, we must examine the threshold issue of this Court's jurisdiction.

■ This Court may *sua sponte* review the record to determine if there is proper appellate jurisdiction. *See Huntington Nat'l Bank v. Hooker*, 840 S.W.2d 916, 922 (Tenn.Ct.App.1991) (citing Tenn. R.App. P. 3(a)); *see also* Tenn. R.App. P. 13(b) (2005). Rule 3(a) of the Tennessee Rules of Appellate Procedure states that "every final judgment entered by a trial court from which an appeal lies to the . . . Court of Appeals is appealable as of right." Tenn. R.App. P. 3(a) (2005). To constitute a final judgment, the judgment must adjudicate all of the claims between the parties. *See Rector v. Halliburton*, No. M1999–02802–COA–R3–CV, 2003 WL 535924, at *2 (Tenn.Ct.App. Feb.26, 2003) (citing *Aetna Cas. & Sur. Co. v. Miller*, 491 S.W.2d 85 (Tenn.1973)). Therefore, if "multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims . . . is not enforceable or appealable." Tenn. R.App. P. 3(a) (2005).

■ In the instant case, Irwin's petition for certiorari essentially sets forth three claims for relief. He alleged that (1) the Department acted illegally and arbitrarily by convicting him without any evidence, (2) the Department acted illegally and arbitrarily by failing to follow its own Uniform Disciplinary Procedures, and (3) the Department denied him a fair hearing in violation of due process. Irwin's due process claim is based on purported deviations from TDOC's internal disciplinary procedures.

■ The trial court fully considered the issue of whether Irwin's conviction on the disciplinary offense was supported by sufficient evidence. Under a common-law writ of certiorari, a court reviewing such a decision is not permitted to re-weigh the

evidence, *Robinson v. Clement,* 65 S.W.3d 632, 635 (Tenn.Ct.App.2001), but instead must determine whether material evidence was presented to the inferior board or tribunal to support its decision. A decision is arbitrary and void if it is unsupported by any material evidence. *Watts v. Civil Serv. Bd. of Columbia,* 606 S.W.2d 274, 276–77 (Tenn.1980). An appellate court reviewing a trial court's decision utilizes the same standard of review. *See id.* at 277. In the case at bar, the trial court found that the record sufficiently supported the Board's determination of guilt.

▆▆▆ The trial court also expressly considered whether Irwin was entitled to due process rights in the disciplinary proceedings before the Board. The common-law writ of certiorari is the appropriate procedural vehicle "to correct the 'essential illegality' of a denial of procedural rights guaranteed by the federal and state constitutions." *Seals v. Bowlen,* No. M1999–00997–COA–R3–CV, 2001 WL 840271, at * 5 (Tenn.Ct.App. July 26, 2001) (citing *State v. Womack,* 591 S.W.2d 437, 442 (Tenn.Ct.App.1979)). The degree of procedural protection that must be afforded an inmate accused of a disciplinary infraction depends on the nature of the sanctions involved. *Jeffries v. Tennessee Dept. of Correction,* 108 S.W.3d 862, 871 (Tenn.Ct.App.2002); *Littles v. Campbell,* 97 S.W.3d 568, 572 (Tenn.Ct.App.2002). "Deprivation of an interest which is neither liberty nor property does not trigger the procedural safeguards of the Due Process Clause." *Willis v. Tennessee Dep't of Corr.,* 113 S.W.3d 706, 711 (Tenn.2003). In the case of *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the United States Supreme Court held that a prisoner did not have a liberty interest in the procedural rights created by internal disciplinary procedures unless the punishment received for the disciplinary infraction imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 483–84, 115 S.Ct. 2293. In the case at bar, the trial court determined that the punishment Irwin received did not constitute an "atypical and significant hardship" and that the procedural protections of due process therefore did not attach.[2]

Nevertheless, under the Tennessee Supreme Court's decision in *Willis v. Tennessee Dep't of Corr.,* 113 S.W.3d 706 (Tenn.2003), even if a state prisoner is not entitled to due process protections in a disciplinary proceeding, the inmate may nevertheless assert a claim under a common-law writ of certiorari that the prison disciplinary board otherwise acted illegally or arbitrarily in failing to follow TDOC's Uniform Disciplinary Procedures. *Id.* at 713. The inmate may be entitled to relief under a common-law writ of certiorari if he demonstrates that the disciplinary board failed to adhere to the Uniform Disciplinary Procedures and that its failure to do so resulted in substantial prejudice to the inmate. *Id.* at 713–14; *see also Gore v. Tennessee Dep't of Correction,* 132 S.W.3d 369, 378 (Tenn.Ct.App.2003) (noting that the *Willis* decision provides "explicit recognition that common law certiorari is available to redress grievances not rising to due process level and is not otherwise limited in scope to constitutional deprivations").

---

**2.** The trial court did not separately address the $5.00 fine in its November 3, 2005 order. While state inmates have a property interest in the money in their inmate trust accounts, *Jeffries v. Tennessee Dept. of Correction,* 108 S.W.3d 862, 870 (Tenn.Ct.App.2002), the "de minimis nature" of a $5.00 fine makes "it immune from procedural due process requirements." *Willis v. Tennessee Dep't of Corr.,* 113 S.W.3d 706, 711 (Tenn.2003).

In this case, the disciplinary proceedings were to be conducted in accordance with TDOC's Uniform Disciplinary Procedures. *See Mandela v. Campbell,* 978 S.W.2d 531, 532 (Tenn.1998). The Uniform Disciplinary Procedures are intended to "provide for the fair and impartial determination and resolution of all disciplinary charges placed against inmates." TDOC Policy No. 502.01(II). While these procedures are " 'not intended to create any additional due process guarantees for inmates beyond those which are constitutionally required,' deviations from the policy may warrant dismissal of the disciplinary offense if the prisoner demonstrates 'some prejudice as a result and the error would have affected the disposition of the case.' " *Willis,* 113 S.W.3d at 713 (quoting TDOC Policy No. 502.01(V)).

In his petition, Irwin alleged two deviations from the applicable TDOC procedures. First, Irwin asserted that the Board failed to follow the verification procedures for presenting confidential information to be relied upon by a prison disciplinary board. Under TDOC Policy Number 502.01(VI)(E)(3)(e), the hearing officer for the disciplinary board is required to independently verify confidential information presented at a disciplinary hearing. Further, where a disciplinary board utilizes the confidential information in making its decision, "a Contemporaneous Record of Confidential Informant Reliability, CR–3510, shall be completed to document" the basis for the hearing officer's finding that the informant's testimony is reliable. TDOC Policy No. 502.01(VI)(E)(3)(e). If the hearing is conducted at a privately managed correctional facility, this form must be reviewed and initialed by the TDOC liaison. TDOC Policy No. 502.01(VI)(E)(3)(e).

Second, Irwin asserted that his appointed inmate advisor was ordered not to argue or to present evidence on his behalf at the hearing. Under TDOC Policy Number 502.01(VI)(C)(4), an inmate's appointed advisor is permitted to "act as an advocate for the inmate" and to conduct investigations on the inmate's behalf. The inmate also has a qualified right to present evidence in disciplinary proceedings. TDOC Policy Number 502.01(VI)(E)(3)(c)(6) provides that an "inmate shall be permitted to present the testimony of relevant witness(es), unless allowing a witness to appear would pose a threat to institutional safety or order."

Irwin clearly put this at issue in the trial court below. The appellate record includes an affidavit from Irwin's inmate advisor, which states in part:

4. It was inmate Irwin's defense that an [angry] relative of his [wife] … provided the false information that initiated the fruitless comprehensive investigation;

5. Affiant was not allowed to review specific alleged relevant evidence to provide[ ] an [e]ffective and appropriate defense for the accused in this incident/disciplinary action;

6. Affiant was not allowed to defend inmate Irwin as required by policy because of TDOC liaison Ms. Jordan.

This affidavit apparently went uncontroverted in the proceedings below. Likewise, the record contains no indication that the Department addressed Irwin's allegation that the alleged failure to comply with TDOC's internal procedures resulted in substantial prejudice to him.

In this appeal, Irwin argues that the trial court erred in failing to consider whether these alleged deviations from TDOC's Uniform Disciplinary Procedures resulted in prejudice to him. Inexplicably, the Department did not respond to this argument.

The trial court's order does not address Irwin's claims that the Department failed to follow the verification procedures for confidential information or that his inmate advisor was ordered not to argue or present evidence on his behalf. Therefore, the trial court's order "adjudicates fewer than all the claims" asserted by the petitioner, and is not a final, appealable judgment.[3]

Accordingly, we dismiss this appeal for lack of appellate jurisdiction. On remand, the trial court may conduct any further proceedings necessary to address Irwin's allegations that the Department acted illegally and arbitrarily by failing to follow its own Uniform Disciplinary Procedures.

The appeal is dismissed and the cause remanded for further proceedings consistent with this Opinion. Costs of this appeal are to be taxed against Petitioner/Appellant James H. Irwin, for which execution may issue, if necessary.

---

**3.** The trial court also did not make the order final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.

## ORDER

On August 13, 2007, this Court issued its decision against Petitioner/Appellant James H. Irwin ("Irwin") and in favor of Respondent/Appellee Tennessee Department of Corrections. On August 22, 2007, Irwin filed a petition to rehear or, in the alternative, to grant him partial relief from our decision. We conclude that such relief is not appropriate in this case and hereby deny Irwin the relief requested.

The motion is denied. **It is SO ORDERED.**