IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 23, 2011 Session

# MITZI SUE GARNER
v.
# ROBERT ALLEN GARNER

**Appeal from the Circuit Court of Hamilton County**
**No. 09-D1210   L. Marie Williams, Judge**

### No. E2011-01012-COA-R3-CV-FILED-APRIL 5, 2012

This is a divorce case.  The parties had two children, still minors at the time of the divorce trial.  After the trial, motions to alter and amend were filed, one of which disputed the number of parenting days awarded each party.  The divorce decree was amended in response to the motions to alter or amend, and the trial court ordered the parties to try to resolve the dispute on the number of parenting days and report back to the court on the  issue.  Without attempting such resolution, the father filed his notice of appeal.  We dismiss the appeal for lack of jurisdiction.

#### Tenn. R. App. P. 3 Appeal as of Right; Appeal is Dismissed

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Corrin P. Fulton & Chris Helton, Chattanooga, Tennessee for Plaintiff/Appellee, Mitzi Sue Garner.

John P. Konvalinka & Jillyn M. O'Shaughnessy, Chattanooga, Tennessee for Defendant/Appellant, Robert Allen Garner.

# OPINION

## FACTS AND PROCEEDINGS BELOW

Plaintiff/Appellee Mitzi Sue Garner ("Mother") and Defendant/Appellant Robert Allen Garner ("Father") were married in1977. Two sons were born of this marriage, the first in 1994, and the second in 1999. During the marriage, Father operated a gym owned jointly by the parties, and Mother worked in a veterinarian's office.

In June 2009, Mother filed a complaint for divorce. In September 2009, Mother filed a motion to determine Father's alimony and child support obligation *pendente lite*. In support, she filed an income and expense statement and a sworn affidavit stating that Father earned approximately $7,301 per month before taxes. A hearing on Mother's motion was held on October 5, 2009; Father did not attend. At the conclusion of the hearing, the trial court ordered Father to pay $1,501 in temporary child support and $1,169 in alimony per month, pending the divorce trial.

The trial on the parties' divorce was held on two non-consecutive days, on October 14, 2010 and November 9, 2010. At the trial, Mother was represented by counsel and Father represented himself. The parties stipulated that a divorce should be granted, and the remaining issues were tried.

Shortly after the trial, on November 11, 2010, the trial court entered a memorandum opinion. In it, Father was awarded the parties' gym, and was allocated responsibility for credit card debts and several mortgages taken out on the marital residence to benefit the gym. Mother was awarded the marital residence and other assets and liabilities, including the first mortgage on the house. The trial court made findings regarding each party's income and Father's arrearages in child support and spousal support. It adopted a parenting plan that designated Father as the primary residential parent of the older son and Mother as the primary residential parent of the younger son. The memorandum opinion allocated Father 90 days with both sons together and awarded Mother 275 days with both sons, with the following proviso:

> The Primary Residential Parent of [oldest son] is the Father and the Primary Residential Parent of [youngest son] is the Mother. The schedules for the children shall differ. [Oldest son] shall reside primarily with his Father but shall spend alternate weekends from Thursday after school until Sunday night at 6:00 p.m. with his Mother. He also may spend additional time with his Mother as is agreed to by the parties. [Youngest son] shall spend every other week with his Father beginning from 6:00 p.m. on Sunday to the following

> Sunday at 6:00 p.m. He shall reside in his Mother's home on the weeks in which [oldest son] will be in his Mother's home for the weekends. [Youngest son] also shall be with his Father each weekday afternoon during the school year from after school until 5:00 p.m. if the Mother so desires.

The trial court ordered Mother's attorney to draft a parenting plan to be entered with the divorce decree, incorporating the above provision.

On December 8, 2010, Mother filed a motion to alter or amend the trial court's memorandum opinion. In it, Mother disputed the trial court's parenting time designation, allocation of tax credits and the rate at which Father was to repay his arrearages. She also sought to have the debts allocated to Father, specifically the mortgages secured by the house, and recharacterized as alimony.

On December 28, 2010, Father filed a motion to alter or amend the trial court's memorandum opinion. Father's motion sought a revision of the parenting time arrangement, disputed the trial court's calculation of his income, and sought a modification of the allocation of assets and debts.

On February 23, 2011, the trial court entered a final decree of divorce. The final decree adopted a permanent parenting plan that allocated Father 238 days of residential parenting time with the older son and 168 days with the younger son. Mother was allocated 127 days of residential parenting time with the older son and 197 days with the younger son.

On March 2, 2011, before the trial court ruled on the pending motions to alter or amend, Father filed a second motion to alter and amend. It reiterated many of the same issues in his prior motion to alter or amend, and raised an additional issue concerning the number of parenting days. Father asserted that, in drafting the parenting plan for the trial court, Mother incorrectly calculated the number of parenting days allocated to Mother so as to increase her award of child support.

Mother also filed a second motion to alter or amend. Mother's second motion did not directly address Father's argument concerning the number of parenting days awarded.

On March 24, 2011, the trial court entered an order addressing the issues raised in both parties' motions to alter or amend. The order granted Mother's request that the debt allocated to Father be characterized as transitional alimony. As to the parenting days awarded to the parties, the trial court stated:

Mr. Garner contends the number of days is not calculated correctly. The Court orally ordered the parties to meet to obtain a resolution of this issue. They are ORDERED to do so within fifteen (15) days of entry of this Order and report to the Court whether or not it needs to address this last issue.

A corrective order was entered on April 6, 2011, amending the clerk's certificate on the order on the motions to alter or amend. On May 4, 2011, Father filed a notice of appeal.

## ISSUES ON APPEAL

On appeal, Father raises several issues. He argues that the trial court erred in its valuation of the gym and in the resulting division of the marital property, in characterizing the liabilities as transitional alimony, in its calculation of his child and spousal support arrearages, and in calculating child support with respect to the number of parenting days allocated to each parent. Mother seeks attorney fees for this appeal.

## ANALYSIS

Before we address the issues presented for review, under Rule 13(b) of the Tennessee Rules of Appellate Procedure, we must first determine whether we have subject matter jurisdiction to adjudicate the appeal. Tenn. R. App. P. 13(b) (2011). Subject matter jurisdiction concerns the authority of a court to hear a matter. *Meighan v. U.S. Sprint Commc'ns Co.,* 924 S.W.2d 632, 639 (Tenn.1996). The lack of appellate jurisdiction cannot be waived. *Id.* This Court may consider its own subject matter jurisdiction *sua sponte,* even if it is not raised by the parties. *In re Estate of Boykin,* 295 S.W.3d 632, 635 (Tenn. Ct. App. 2008).

The Tennessee Supreme Court has held: "Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.*" Bayberry Assocs. v. Jones,* 783 S.W.2d 553, 559 (Tenn. 1990). Father did not seek an interlocutory appeal under either Rule 9 or Rule 10 of the Tennessee Rules of Appellate Procedure, and there was no attempt to make the trial court's order final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Therefore, this Court has jurisdiction only if Father has appealed a final judgment. In order to constitute a final judgment, "the judgment must adjudicate all of the claims between the parties." *Irwin v. Tenn. Dep't of Corr.,* 244 S.W.3d 832, 834 (Tenn. Ct. App. 2007). A final judgment resolves all of the issues in the case, "leaving nothing else for the trial court to do." *In re Estate of Henderson,* 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode,* 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)).

In this case, both parties filed motions to alter or amend. The time for filing a notice of appeal is suspended by the timely filing of a motion to alter or amend. Tenn. R. App. P. 4(b). Thus, Father has appealed from a final order only if the order on the parties' motions to alter or amend completely resolves the issues raised in the parties' motions, leaving nothing else for the trial court to do.

The trial court's March 24, 2011 order specifically instructed the parties to meet within 15 days of the order and seek resolution of their dispute regarding the number of parenting days allocated to each parent. They were ordered to report back to the trial court on whether it needed to further address the issue of parenting time. The trial court's order indicates that the issue of the parties' parenting arrangement remained in the bosom of the trial court and its order on parenting time could be revised. *See Greer v. Greer*, No. W2009-01587-COA-R3-CV, 2010 WL 3852321, at *6 n.7 (Tenn. Ct. App. Sept. 30, 2010) (citing *Darty v. Darty*, 232 S.W.2d 59, 62 (Tenn. Ct. App. 1949)). Under these circumstances, we must conclude that the trial court's March 24, 2011 order is not a final, appealable judgment. Accordingly, we dismiss this appeal for lack of appellate jurisdiction.

## CONCLUSION

The appeal is dismissed. Costs on appeal are assessed against Appellant Robert Allen Garner and his surety, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE