# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
Assigned On Briefs February 19, 2016

## DAMIEN C. DARDEN v. TENNESSEE DEPARTMENT OF CORRECTION

**Direct Appeal from the Chancery Court for Lake County**
**No. 15CV3     Tony Childress, Chancellor**

_____

### No. W2015-01595-COA-R3-CV – Filed April 11, 2016

_____

This appeal involves an inmate's petition for writ of certiorari, in which he challenged a decision of the prison disciplinary board finding him guilty of drug possession. After reviewing the record of the disciplinary hearing, the trial court dismissed the inmate's petition. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Damien C. Darden, Tiptonville, Tennessee, *Pro se*.

Herbert H. Slatery III, Attorney General and Reporter, Andrée S. Blumstein, Solicitor General, and Madeline B. Brough, Assistant Attorney General, Tennessee, for the appellee, Tennessee Department of Correction.

## MEMORANDUM OPINION[1]

### I. FACTS & PROCEDURAL HISTORY

_____

[1]Tennessee Court of Appeals Rule 10 provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse, or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The appellant, Damien C. Darden, is a prisoner at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee. During a search of Darden's cell on October 7, 2014, correction officers found a chili packet containing a white powder that field tested positive for cocaine. As a result, Darden was charged with the disciplinary offense of drug possession. Following a hearing on October 21, 2014, the prison disciplinary board found Darden guilty of the charged offense. Darden appealed to the warden and to the commissioner of the Tennessee Department of Correction, who upheld the decision of the disciplinary board.

Having exhausted his administrative remedies, Darden filed a petition for common law writ of certiorari in the chancery court for Lake County, Tennessee. Darden alleged that the disciplinary board violated several provisions of the Uniform Disciplinary Procedures of the Tennessee Department of Correction. He claimed that these violations substantially prejudiced his right to a fair and reliable disciplinary proceeding.

The Attorney General, on behalf of the Department of Correction ("Department"), filed a notice indicating it did not oppose the issuance of a writ of certiorari. Accordingly, the trial court entered an order granting the writ of certiorari and ordering the Department to transmit the record of the disciplinary proceeding to the court for review.[2] The Department filed a certified copy of the record of the disciplinary proceeding. Thereafter, the Department filed a motion for judgment on the record, claiming that the record established that the disciplinary board followed the appropriate procedures. Darden filed a reply.

On July 15, 2015, the chancery court entered a final order granting the Department's motion for judgment on the record and dismissing the case. The chancery court concluded that the disciplinary board did not violate the procedures cited by Darden. Darden timely filed a notice of appeal to this Court.

## II. ISSUES PRESENTED

Darden presents the following issues, which we have slightly restated, for review on appeal:

    1.     Whether the trial court erred in its decision that the disciplinary board conducted the disciplinary hearing in compliance with TDOC Uniform Disciplinary Procedures:

---

[2] The issuance of a writ of certiorari "is not an adjudication of anything." *White v. Mills*, No. W2009-00798-COA-R3-CV, 2009 WL 4789099, at *4 (Tenn. Ct. App. Dec. 14, 2009). By granting the writ, the reviewing court simply orders the lower tribunal to file its record of the proceedings so that the court can determine whether the petitioner is entitled to relief. *Id.*

2

A. Whether the board failed to follow the Uniform Disciplinary Procedures by not producing adverse documentary evidence, which prevented Darden from obtaining and introducing relevant exculpatory evidence at the disciplinary proceeding;

B. Whether the board conducted a portion of the hearing in Darden's absence, denying him the opportunity to cross-examine a witness; and

C. Whether the board provided an inadequate written statement summarizing the evidence to support the guilty finding.

For the following reasons, we affirm the decision of the chancery court and remand for further proceedings.

## III. STANDARD OF REVIEW

The common law writ of certiorari serves as the proper procedural vehicle through which prisoners may seek review of decisions by prison disciplinary boards and other similar administrative tribunals. *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 712 (Tenn. 2003) (citing *Rhoden v. State Dep't of Corr.,* 984 S.W.2d 955, 956 (Tenn. Ct. App. 1998)). "A prisoner seeking judicial review of a prison disciplinary proceeding states a claim for relief under common-law writ of certiorari if the prisoner's complaint alleges facts demonstrating that the disciplinary board failed to follow the Uniform Disciplinary Procedures and this failure substantially prejudiced the petitioner." *Id.* at 713. However, "[i]n certiorari proceedings, judicial review is generally limited to the record developed by the tribunal below[.]" *Jeffries v. Tenn. Dep't of Corr.*, 108 S.W.3d 862, 873 (Tenn. Ct. App. 2002).

## IV. DISCUSSION

In his petition for writ of certiorari, and in his brief on appeal, Darden argued that the prison disciplinary board acted in violation of the Uniform Disciplinary Procedures in three main areas. First, Darden claimed that the disciplinary board violated his right to review adverse documentary evidence. Second, Darden claimed that the disciplinary board secretly questioned a witness in Darden's absence, denying him the right to cross-examine that witness. And finally, Darden claimed that the disciplinary board failed to provide him with a sufficient written summary of the reasons for the board's decision and

the evidence on which it relied.  We will consider each argument in turn.  However, we note, at the outset, that the Uniform Disciplinary Procedures are "'not intended to create any additional rights for inmates beyond those which are constitutionally required.'" Tennessee Department of Correction Policy ("TDOC Policy") No. 502.01(V)).  Minor deviations from the procedures are not grounds for dismissal of a disciplinary offense unless the inmate is able to show substantial prejudice as a result and that the error would have affected the disposition of the case.  TDOC Policy No. 502.01(V).

### A.    Adverse Documentary Evidence

Darden's first argument is that the disciplinary board violated his right to review adverse documentary evidence pursuant to Uniform Disciplinary Procedure policy number 502.01(VI)(L)(4)(c)(3), which provides:

> 4.  The disciplinary hearing shall be conducted pursuant to the following procedures:
> . . . .
> c.    If the inmate pleads "not guilty", he/she shall be permitted the following:
> . . . .
> (3)   To cross-examine any witness (except a confidential source) who testified against him/her and to review all adverse documentary evidence (except confidential information).

According to Darden, prior to his disciplinary hearing, he requested to review certain "adverse documentary evidence," including any photos of the powdery substance, a form documenting the chain of possession of the contraband, and a form documenting the results of the field testing kit.  Darden claims that his request was denied and that this action violated the aforementioned policy and substantially prejudiced his right to a fair and reliable hearing.

We note, at the outset, that nothing in the record of the disciplinary hearing indicates that Darden made such a request.  It is not clear from Darden's brief when he made this request except that it was "[p]rior to the hearing."  "This court has previously denied relief to an inmate claiming he was not allowed to call witnesses when there is nothing in the record showing that the inmate made such a request."  *Williams v. Little*, No. M2010-02241-COA-R3-CV, 2011 WL 4058897, at *4 (Tenn. Ct. App. Sept. 13, 2011) (citing *Rogers v. Payne*, No. E2010-00523-COA-R3-CV, 2010 WL 4272745, at *3 (Tenn. Ct. App. Oct. 28, 2010); *Keen v. Tenn. Dep't of Corr.*, No. M2007-00632-COA-R3-CV, 2008 WL 539059, at *5 (Tenn. Ct. App. Feb. 25, 2008)).  The same should hold true for an alleged request to review documentary evidence when the record of the

hearing does not indicate that such a request was made.

In any event, however, even assuming that Darden made such a request prior to the hearing, we disagree with his assertion that his rights were violated. Tennessee courts have repeatedly referred to the prisoner's right to present exculpatory evidence in a disciplinary proceeding as a "qualified" or "limited" right. *See Willis*, 113 S.W.3d at 713 ("qualified right"); *Irwin v. Tenn. Dep't of Corr.*, 244 S.W.3d 832, 836 (Tenn. Ct. App. 2007) (same); *Ivy v. Tenn. Dep't of Corr.*, No. M2001-01219-COA-R3-CV, 2003 WL 22383613, at *4 (Tenn. Ct. App. Oct. 20, 2003) ("limited right"); *Jeffries*, 108 S.W.3d at 874 (same). It is not clear in this case if the documents Darden sought even exist. At the disciplinary hearing, the Department did not introduce into evidence any photographs, chain of command forms, or written documentation regarding the results of the drug test. Nevertheless, Darden seems to be arguing that the Department was required to provide him with any documentary evidence in its possession that could potentially help him defend his case, including photos, documents, and even the test kit itself. He claims that these records are customarily maintained by the Department and that he had a right to review them in order to determine if they could be used as exculpatory evidence. However, the policy Darden cites does not grant him a broad right to review any evidence he might deem adverse to him prior to the hearing regardless of whether the evidence is actually presented against him.

We have rejected similar arguments by other inmates who sought to review documentary or physical evidence in the context of a disciplinary hearing. *See, e.g.*, *Jenkins v. Tenn. Dep't of Corr.*, No. M2014-02210-COA-R3-CV, 2016 WL 792423, at *4 n.3 (Tenn. Ct. App. Feb. 29, 2016) (rejecting a prisoner's argument that the Department erroneously withheld from him exculpatory evidence it may have collected, such as blood stained knives and clothing, photographs of the scene, DNA samples, and investigative reports, noting that the rights granted to prisoners under the Uniform Disciplinary Procedures "do not include the right to discovery"); *Williams v. Little*, No. M2010-02241-COA-R3-CV, 2011 WL 4058897, at *4-5 (Tenn. Ct. App. Sept. 13, 2011) (rejecting a prisoner's assertion that he should have been provided with a special agent's report, as "adverse documentation," when the board based its decision on the testimony of another officer regarding the findings of the report, not the report itself); *Adams v. Tenn. Dep't of Corr.*, No. M2008-02475-COA-R3-CV, 2009 WL 4931367, at *4-5 (Tenn. Ct. App. Dec. 21, 2009) (finding no authority for a prisoner's position that he had a right to obtain and present surveillance videos that might have depicted the riot in which he allegedly participated).

We note Darden's reliance on *Kilburn v. Tenn. Dep't of Corr.*, No. 2010-01362-COA-R3-CV, 2011 WL 532212 (Tenn. Ct. App. Feb. 14, 2011), but we find its facts distinguishable from those presented here. The documentary evidence at issue in *Kilburn*

was a sign-out sheet allegedly signed by the inmate. According to the facts section of the *Kilburn* opinion, the hearing summary from the disciplinary hearing "indicate[d] that the following evidence was introduced: . . . the CR–2026 sign out sheet." *Id.* at *1. However, the trial court could not discern whether the form was actually used at the hearing or not. *Id.* at *2. On appeal, the inmate claimed that the form, "though listed on the hearing summary, was not actually presented to the board." *Id.* at *3. The Department claimed that an inmate only has a right to review adverse documentary evidence that is presented against the inmate at the hearing, so the inmate had no right to review the sign-out sheet. The court of appeals found this interpretation "too restrictive" and concluded that the inmate had a right to review the sign-out sheet because the form was "an integral part of the TDOC's case" against the inmate, and the board specifically relied on the form in finding the inmate guilty of the disciplinary infraction. *Id.* Accordingly, the court of appeals deemed the form "adverse documentary evidence." *Id.* The case before us does not involve unusual facts like those in *Kilburn*, and the *Kilburn* decision does not give Darden the right to review the broad range of evidence he sought in this case. However, to the extent that the *Kilburn* court suggested that an inmate is entitled to review evidence that is *not* presented at the disciplinary hearing, we disagree with its conclusion.

We do not interpret the policy cited by Darden as broadly granting an inmate the right to review all potentially relevant "adverse documentary evidence" prior to a hearing. The specific policy providing an inmate with the right to review adverse documentary evidence is found within the section that specifies how the disciplinary hearing shall be conducted. As noted above, the relevant policy, in context, provides:

> 4. The disciplinary hearing shall be conducted pursuant to the following procedures:
> . . . .
> c. If the inmate pleads "not guilty", he/she shall be permitted the following:
> . . . .
> (3) To cross-examine any witness (except a confidential source) who testified against him/her and to review all adverse documentary evidence (except confidential information).

502.01(VI)(L)(4)(c)(3). Accordingly, this section gives inmates certain rights at or during the hearing rather than prior to the hearing.

In addition, another subsection suggests that the inmate's right to review adverse documentary evidence is limited to the documentary evidence presented at the hearing. Specifically, subsection 502.01(VI)(L)(4)(a)(5) requires the board chairperson to inquire

as to whether an inmate who enters a plea of guilty has been advised and understands that by so doing, he or she is waiving "the right . . . to review any adverse documentary evidence *presented*." (Emphasis added.) For these reasons, we reject Darden's assertion that the disciplinary board erred in denying his request to review photographs, documents, test results, and/or the test kit, as none of these items constituted adverse documentary evidence presented at the hearing.

## B. *Darden's Alleged Absence*

In Darden's next argument on appeal, he claims that the disciplinary board conducted a portion of the disciplinary hearing in his absence and thereby denied him the right to cross-examine Sergeant Hill, a witness who testified in his absence. We can discern little information regarding this issue from the disciplinary hearing summary contained in the record on appeal. The condensed transcript states, in its entirety:

> Write up stands as read.
> Darden - Where is the test
> Seward - Sgt. Hill did test but he didn't put the test in the evidence.
> Darden - That's the main question I know.
>     Who was present during the test.
> Seward - myself + Sgt. Hill
>
> Darden - That its.
> Advisor - No questions for Seward.
> Board member - No questions for Al Seward.
>
> Board member - Do you have the test results.
> Sgt. Hill - It was so positive that it was overflowing.
> [Board chairperson] - in you[r] opinion this was cocaine.
> Sgt. Hill - it was the strongest cocaine I have ever found.
>
> . . . .
>
> Witness(es) Against Offender
> C/O Seward
>
> Statement of Accused: There is no test proving what I had. You can look at my history if it's mine I would [have] take[n] it. It was baking soda to brush my teeth. It was not cocaine. I'm not going to make my cellie fall with me. This is not what he found. I didn't do this.

7

On appeal, Darden suggests that the disciplinary board telephoned Sergeant Hill during the deliberation process, outside his presence, in order to question Sergeant Hill about the test results. The hearing summary does not mention any such procedure, as it simply lists Sergeant Hill's testimony after that of Officer Seward. However, the space on the hearing summary for "Witness(es) Against Offender" only lists the name of Officer Seward.[3]

If the board telephoned Sergeant Hill in Darden's absence and denied him the opportunity to cross-examine Sergeant Hill, such a procedure would violate the Uniform Disciplinary Procedures. *See* TDOC Policy No. 502.01(VI)(L)(2) (providing the inmate the right to appear in person before the board at all times except during testimony from a confidential source, during board deliberations or review of the charge, if the inmate is disorderly, or when the inmate signs an agreement to plead guilty); 502.01(VI)(L)(4)(c)(3) (providing the inmate the right to cross-examine any witness who testified against him or her, except a confidential source). However, as noted above, not all deviations from the Uniform Disciplinary Procedures are grounds for dismissal. Minor deviations from the procedures are not grounds for dismissal of a disciplinary offense unless the inmate is able to show substantial prejudice as a result and that the error would have affected the disposition of the case. TDOC Policy No. 502.01(V). "To trigger judicial relief, a departure from the Uniform Disciplinary Procedures must effectively deny the prisoner a fair hearing." *Jeffries*, 108 S.W.3d at 873. According to the hearing summary, Sergeant Hill's testimony consisted of two sentences and only indicated that the powdery substance field tested positive for cocaine. The substance of Sergeant Hill's testimony was duplicative of the information found in the disciplinary report, which was read to the disciplinary board at the beginning of the disciplinary hearing. The disciplinary report stated:

> On October 7, 2014 at 9:15AM a cell search was conducted on housing unit 7 cell 32 by CERT. Found inside of a chili packet was 23.2 grams of a white powder *that field tested positive for cocaine*. Inmates Damien Darden [and another] are assigned to this cell and are charged with drug possession significant amount. Captain [] notified and evidence taken to the evidence locker.

(Emphasis added.) The written findings of the disciplinary board indicate that the board relied on the disciplinary report and the testimony of Officer Seward, with no mention of the testimony of Sergeant Hill. In fact, Darden admits on appeal that "the Board did not rely upon Sgt. Hill's testimony." Accordingly, Darden has not demonstrated that any irregularity in the questioning of Sergeant Hill resulted in substantial prejudice and

---

[3]We note that Darden waived his right to call witnesses on his behalf.

affected the disposition of the case.[4]

## C.    The Board's Written Findings

Finally, Darden argues that the disciplinary board failed to make sufficient written findings to support its decision to find him guilty of drug possession. The Uniform Disciplinary Procedures require the hearing officer to state "detailed reasons" for the board's decision and to summarize "the evidence which led to such decision." TDOC Policy No. 502.01(VI)(L)(4)(n)(5). Requiring a written statement from the factfinders not only protects the inmate against collateral consequences based on a misunderstanding of the nature of the proceeding but also helps to ensure that administrators will act fairly due to possible scrutiny by state officials, the public, and the courts. *Patterson v. Tenn. Dep't of Corr.*, No. W2009-01733-COA-R3-CV, 2010 WL 1565535, at *4 (Tenn. Ct. App. Apr. 20, 2010) (citing *Wolff v. McDonnell*, 418 U.S. 539, 565 (1974)).

> The hearing summary in the present case states:
>
> Findings of fact and specific evidence relied upon to support those findings: C/O Seward said that they tested it and they do not have the test. Sgt. Hill did the test.
>
> Disposition and a statement of reasons which supports that decision: Based on C/O Seward and write up I/M Darden was found guilty . . . .

Although this summary is not as detailed as we might prefer, it is sufficient to indicate the evidence on which the board relied and the reason for the board's decision. The disciplinary board stated that it relied on the fact that the substance was field tested by Sergeant Hill. The disciplinary report, or write-up, further indicated that the substance was found in Darden's cell and that the result of the field test was positive for cocaine. Darden has not demonstrated that the failure to include more specific information substantially prejudiced him in such a way that dismissal of the charges would be warranted. *See Eremity v. Little*, No. M2009-01275-COA-R3-CV, 2009 WL 4980254, at *3 (Tenn. Ct. App. Dec. 22, 2009) (concluding that an inmate "failed to show any prejudice as a result of any perceived deficiency in the information contained on the form"); *Ross v. Tenn. Dep't of Corr.*, No. W2008-00422-COA-R3-CV, 2008 WL

---

[4]We recognize Darden's argument on appeal that the disciplinary board was not entitled to consider the disciplinary report as evidence. However, this issue was not presented in his petition for writ of certiorari before the chancery court, and the trial court did not rule on this issue. Consequently, we will not address the issue on appeal. *See Adams*, 2009 WL 4931367, at *2 (declining to address issues not raised in a prisoner's petition for writ of certiorari); *Reid v. State*, 9 S.W.3d 788, 796 (Tenn. Ct. App. 1999) (noting the general rule that appellate courts do not consider issues not resolved in the trial court).

4756873, at *8 (Tenn. Ct. App. Oct. 30, 2008) (finding no prejudice where the written finding simply stated "preponderance of evidence" but a detailed summary of the evidence was included on other forms); *Pirtle v. Tenn. Dep't of Corr.*, No. W2006-01220-COA-R3-CV, 2007 WL 241027, at *5 (Tenn. Ct. App. Jan. 30, 2007) (finding no prejudice by the lack of detail in the summary).

## V. CONCLUSION

For the aforementioned reasons, the decision of the chancery court is hereby affirmed and remanded for further proceedings. Costs of this appeal are taxed to the appellant, Damien C. Darden. Because Damien C. Darden is proceeding *in forma pauperis* in this appeal, execution may issue for costs if necessary.

_____
BRANDON O. GIBSON, JUDGE