STINER *v.* POWELLS VALLEY HARDWARE CO.

(*Jackson*, April Term, 1934.)

Opinion filed May 22, 1934.

Designated for publication Oct. 30, 1934.

AGEE & GUY, of Jacksboro, for appellant.

J. N. RUSSELL, of La Follette, for appellee.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This is a suit upon a note, involving primarily questions of fact. The decree does not contain a findings of fact, but merely recites that the chancellor finds the issues in favor of defendant and dismisses the bill.

The Court of Appeals affirmed the decree of the chancellor without considering the cause upon its merits, for the reason that the findings of fact by the chancellor were not incorporated into and made a part of the record, as provided by law. Complainant insists that the involved statutes are directory only, while defendant contends that they are mandatory. They are as follows:

Code 1932, section 10620: "In all cases tried on the facts in a chancery court and afterwards brought for review to the court of appeals, both the chancellor and the court of appeals shall, to the extent that the facts are not stipulated or are not concluded by the findings of the jury, make and file written findings of fact, which thereupon shall become a part of the record; provided, that before any such findings shall become final in either court reasonable opportunity shall be afforded the parties to examine the findings and to ask for different or additional findings; and provided, further, that in the chancery court the findings may be incorporated in the decree, but opportunity shall be given the parties to be heard in respect of said findings to be so incorporated in such decree; and provided, further, that where there has been a concurrent finding of the master and chancellor, which under the principles now obtaining is binding on the appellate courts, the court of appeals shall not have the right to disturb such finding. To the extent that the findings of the two courts concur, they shall, if there be any evidence to support them, be conclusive upon any review of the facts in the supreme court; but to the extent that they do not concur, they shall be open to examination in that court. The court of appeals shall not be limited to the consideration of such facts as were found or requested in the lower court, but it shall independently consider and find all material facts in the record; and either party, whether appellant or not, may assign error on the failure of the chancellor to find any material fact, without regard to whether such fact was found or requested in the lower

court. This shall not apply to any case tried in the chancery court upon oral testimony.''

Section 10621: ''The court of appeals shall file its findings at the same time that it renders its decisions. It shall be the duty of chancellors, except where the findings are or have been incorporated in the decree as above provided, to file their findings of fact within thirty days after appeal or appeal in the nature of a writ of error has been perfected; and the clerk shall then give notice thereof to the parties or their counsel, who shall have the right by petition to ask for different or additional findings; and, if no such petition shall be filed within five days after such notice, unless the time shall be extended by order of the court, the findings shall not be further questioned in that court; provided, however, that the time within which such petition may be filed shall in no event be less than five days from the granting of the appeal or appeal in error. For the purposes stated, the cause shall remain in the chancery court even after the appeal has been perfected. Likewise, before a record shall be certified for writ of error, application must be made to the chancellor for his findings of fact, unless the same shall have been incorporated in the decree, as above provided; and the same procedure shall in substance be followed as is prescribed above, and the findings shall be incorporated in the record. The same rules and practice shall govern with respect to cases tried on the facts in county courts and thence brought direct to the court of appeals. The provisions as to a finding of facts shall not apply where, before it is made up, the judge who tried the case has died or has gone out

of office, and in such case the clerk shall include in the record a certificate to that effect.''

There is always a presumption, in the absence of any showing to the contrary, that a public official has performed the duties imposed upon him by law. So that in this cause we must assume that the chancellor filed such findings. We might add that, since the above requirements were enacted into law by chapter 100, Public Acts of 1925, the Court of Appeals and the chancellors have treated the act as mandatory.

The act provides specifically that, if the chancellor does not file his findings of fact with dispatch, application shall be made to him for such findings before the record is certified, and it shall be copied into the record.

It is a familiar canon of construction that procedural statutes shall be liberally construed in order to give effect to the legislative intent. The Legislature had a definite object in view in the passage of this act, viz., to lighten the work of the appellate courts by eliminating all questions of fact found by the chancellor that are not challenged upon appeal, and to make the concurrent findings of fact by the chancellor and the Court of Appeals conclusive.

Under the subject ''Statutes,'' we quote portions of section 631, 59 Corpus Juris, as follows:

''There is no universal rule or absolute test by which directory provisions in a statute may in all circumstances be distinguished from those which are mandatory, but in the determination of this question, as of every other question of statutory construction, the prime object is to ascertain the legislative intent, from a consideration of the entire statute, its nature, its object,

and the consequences that would result from construing it one way or the other, or from such statute in connection with other related statutes; and the determination does not depend on the form of the statute. Words of permissive character may be given a mandatory significance to effect the legislative intent, and when the terms of a statute are such that they cannot be made effective to the extent of giving each and all of them some reasonable operation, without construing the statute as mandatory, such construction shall be given. . . . Whether a statute is mandatory or directory depends on whether the thing directed to be done is of the essence of the thing required, or is a mere matter of form. . . . But a provision relating to the essence of the thing to be done, that is, to matters of substance, is mandatory, and when a fair interpretation of a statute, which directs acts or proceedings to be done in a certain way, shows that the legislature intended a compliance with such provision to be essential to the validity of the act or proceeding, or when some antecedent and prerequisite conditions must exist prior to the exercise of power, or must be performed before certain other powers can be exercised, then the statute must be regarded as mandatory.''

In *Gallup* v. *Smith*, 59 Conn., 354, 22 A., 334, 12 L. R. A., 353, it is said: ''The most satisfactory and conclusive test of the question whether or not the provisions of a statute are mandatory or directory is whether the prescribed mode of action is of the essence of the thing to be accomplished, in other words, whether it relates to matters material or immaterial, to matters of convenience or of substance.''

██ If either the chancellor or the Court of Appeals should refuse to find the facts, and these statutes should be construed as directory only, then they would become useless and the object of the Legislature would be defeated. As was said by the Supreme Court of Maine in *Re Opinion of Justices*, 124 Me., 453, 126 A., 354, 363, "requirements in a statute which are of the very essence of the thing to be done, and the ignoring of which would practically nullify the vital purpose of the statute itself, are regarded by the courts as mandatory and imperative." Here the findings of fact by the chancellor and the incorporation thereof into the record are the essential things which the statutes require, and this is not a mere matter of convenience but is one of substance.

Primarily, the words "shall" and "must" appearing in the Public Acts of 1925 are imperative. 59 C. J., 1080, 1081; *Johnson* v. *Baker*, 149 Tenn., 613, 259 S. W., 909.

The duty is imposed upon the appellant to present to the appellate courts a complete record, which the act says shall include the findings of fact by the chancellor. In this situation a litigant cannot omit such finding from the transcript because it is antagonistic to his interest and impose upon the appellate courts the task of determining the facts without the aid of the finding by the chancellor. To construe these statutes as directory would destroy their efficiency and thwart the purpose of the Legislature. It was the duty of the appellant to have such finding copied into the record, without which the record is incomplete, just as it would be with respect to an issue of fact where it appears that the bill of exceptions does not contain all of the evidence.

Writ denied.