STATE *v.* SMITH *et al.*

(*Knoxville,* September Term, 1952.)

Opinion filed December 5, 1952.

Rehearing denied January 15, 1953.

KNOX BIGHAM, Assistant Attorney General, for the State.

H. G. B. KING, of Chattanooga, for defendants.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The trial judge sustained a demurrer to the presentment charging the defendants with the crime of conspiracy and the state has appealed to this Court. The trial judge sustained the demurrer on the ground that the first count of the presentment was multifarious. It seems to have been the opinion of the trial court that this count charged six separate and distinct crimes, each of which should have been the subject of a separate indictment.

We are of the opinion that the one offense charged in the one unlawful agreement was to do a number of unlawful acts. The presentment covers twelve pages of the record, contains eight counts and each count is further subdivided into numbered sections. The indictment is based on the alleged violation of subsection 7, Section 11064 of the Code, which is as follows:

"Other conspiracy.—The crime of conspiracy may be committed by any two or more persons conspiring: (1) To commit any indictable offense; (2) falsely and maliciously to indict another for such offense; (3) to procure another to be charged with, or arrested for, any such offense; (4) falsely to move or maintain any suit; (5) to cheat and defraud any person of any property by means in themselves criminal, or by any means which would amount to a cheat; (6) to obtain money by false pretenses; (7) to commit any act injurious to public health, public morals, trade, or commerce, or for the perversion or obstruction of justice, or the due administration of the law."

The indictment charged that within one year of the finding of the presentment, the defendants conspired to violate a lawful injunction ordering many, if not all of the defendants to refrain from picketing, entering, annoy-

ing, molesting, obstructing or interfering with Robinson Freight Lines, and that they did on or about November 27, 1950, cut and slash or cause to be cut and slashed a number of tires on trucks and trailers parked at the loading platform of the Chattanooga Terminal of Robinson Freight Lines; that all defendants did on or about December 2, 1950 assault the night watchman for Robinson Freight Lines and strike him over the head with a Coca-Cola bottle while he was standing at or about the premises of the Chattanooga Terminal of the Robinson Freight Lines, said assault resulting in serious bodily injury necessitating the employment of another night watchman; that all defendants did on or about December 2, 1950 set off or have set off charges of dynamite or other explosive at or about the premises of Robinson Freight Lines, endangering the lives, health and well being of those at or about the premises; and that all defendants did on or about January 27, 1951 assault John Lasater, foreman of Mercer Pie Company, on the streets of Chattanooga in front of said company, said assault resulting in serious bodily injury.

It would serve no useful purpose to set out various other charges of violence and assault charged against the defendants in the indictment.

An indictment charging a conspiracy to burglarize a number of different buildings, the property of different owners has been held not to be duplicitous. *People* v. *Kahn*, 256 Ill. App. 415.

In *Frohwerk* v. *United States*, 249 U. S. 204, at pages 209-210, 39 S. Ct. 249, at page 252, 63 L. Ed. 561, the Court said:

"Countenance we believe has been given by some courts to the notion that a single count in an indict-

ment for conspiring to commit two offenses is bad for duplicity. This Court has given it none. \* \* \* The conspiracy is the crime, and that is one, however diverse its objects.''

In 87 L. Ed. 39, note it is said:

''Since only a single conspiracy can be predicated upon a single agreement to commit several separate and distinct substantive offenses \* \* \* it has been uniformly held that an indictment charging in one count a single conspiracy to commit more than one substantive offense or to violate two or more separate criminal statutes is not vulnerable for duplicity, that is, for the improper joinder of two or more distinct and separate offenses in the same count.'' See also *Pierce* v. *State,* 130 Tenn. 24, 168 S. W. 851; *State ex rel. Harris* v. *Bacon,* 164 Tenn. 404, 50 S. W. (2d) 224.

It results that we are of the opinion that the trial judge was in error in sustaining the demurrer and the judgment of the lower court is reversed and the case remanded for trial.