IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 14, 2006

## STATE OF TENNESSEE v. JOSEPH BRYAN ADAIR

**Direct Appeal from the Criminal Court for Clay County**
**No. V-4270        Lillie Ann Sells, Judge**

------

**No. M2005-01138-CCA-R3-CD - Filed March 7, 2006**

------

Following a bench trial, the Defendant, Joseph Bryan Adair, was convicted of driving at a speed of 69 miles per hour in a 50 miles per hour speed zone, a Class C misdemeanor. The Defendant now appeals, contending that his traffic citation was invalid because it was not signed by the State Trooper who issued the ticket. Finding that there exists no reversible error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which GARY R. WADE, P.J., joined. JAMES CURWOOD WITT, JR., J., concurred in the results only.

Joseph Bryan Adair, Pro se.

Paul G. Summers, Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; William E. Gibson, District Attorney General; and John A. Moore, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION
### I. Facts

This case arises from the Defendant's conviction of driving at a speed of 69 miles per hour in a 50 miles per hour speed zone, a Class C misdemeanor. At trial, Officer Gary Garrison, a Tennessee Highway State Patrolman testified that he was operating radar equipment on November 7, 2004, and that his equipment was in good operating order on that date. Trooper Garrison further

testified that the Defendant was driving 69 miles per hour in a 50 miles per hour speed zone.[1]  No other evidence regarding the Defendant's conduct on November 7, 2004, was presented.  Based upon this evidence, the trial court judge found the Defendant guilty of speeding, a Class C misdemeanor.

## II. Analysis

On appeal, the Defendant asserts that his traffic citation was invalid because it was not signed, sworn, and attested to by the State Trooper who issued the citation.  The State counters that the Defendant waived this issue on appeal by failing to raise the issue in a motion for new trial.  The State further argues that the statutory language governing the issuance of speeding citations is directory, not mandatory, and that the absence of a sworn signature on the Defendant's citation does not invalidate the citation.

### 1. Waiver

The Defendant risked waiving the issue that he seeks to argue on appeal by failing to raise the issue in a motion for new trial.  See Tenn. R. App. P. 3(e).  This Court has often given pro se litigants more leeway in complying with procedural rules.  Franklin Dan Rickman v. State, No. W1999-01781-CCA-R3-CD, 2000 WL 140457, at *4 (Tenn. Crim. App., at Jackson, Feb. 2, 2000), *no Tenn. R. App. P. 11 application filed.*  Further, this Court may, in the exercise of its discretion, consider an issue which has been waived due to a procedural default, waived due to a change in legal theory, or has not been presented for review by either party.  State v. Adkisson, 899 S.W.2d 626, 636 (Tenn. Crim. App. 1994).  While the Defendant has risked waiver, we will address this issue on its merits.

### 2. Failure to Sign the Citation

The Defendant contends that his traffic citation is invalid because it was not properly signed, sworn, and attested to by the issuing officer as mandated by statute.  The State contends that the procedural requirements dictated in the statute that governs the issuance of citations for speeding violations is directory rather than mandatory, and the absence of a sworn signature on the Defendant's citation does not render the citation invalid.  We agree with the State.

The Defendant was convicted of speeding in violation of Tennessee Code Annotated section 55-8-152 (2003).  The procedures for issuing citations for such speeding violations are governed by

---

[1] Because the transcript of the evidence does not contain Trooper Garrison's testimony, we are relying on the trial court's summary of that testimony.  We note that the appellant has the duty to prepare an adequate record in order to allow a meaningful review on appeal. Tenn. R. App. P. 24(b).  In the absence of an adequate record, this Court must presume that the trial court's ruling was supported by the evidence.  State v. Bibbs, 806 S.W.2d 786, 790 (Tenn. Crim. App. 1991).

Tennessee Code Annotated section 55-10-207 (2003).[2] Tennessee Code Annotated section 55-10-207(b) provides, in relevant part, that:

> The citation shall be executed in triplicate, the original to be delivered to the court specified therein, one (1) copy to be given to the person cited, and one (1) copy to be retained by the officer issuing the citation. The original citation delivered to the court shall be sworn to by the issuing officer before a magistrate or official lawfully assigned such duty by a magistrate. The person cited shall signify the acceptance of the citation and the agreement to appear in court as directed by signing the citation.

Construction of a statute is a question of law that the appellate courts review de novo without a presumption of correctness. State v. Butler, 980 S.W.2d 359, 362 (Tenn. 1998). The "[l]egislative intent must be ascertained from the natural and ordinary meaning of the statutory language, 'read in context of the entire statute, without any forced or subtle construction which would extend or limit its meaning.'" Id. The Tennessee Supreme Court has held that "penal statutes which use the word 'shall' and *then provide a penalty for failure to do what is required* are universally classified as mandatory statutes." Blankenship v. State, 443 S.W.2d 442, 445 (Tenn. 1969) (emphasis added). Tennessee statutory provisions that relate to the mode or time of doing an act to which the statute applies are not to be mandatory, but directory only. State v. Jones, 729 S.W.2d 683, 685 (Tenn. Crim. App. 1986); Stuart v. State, No. M2003-01387-CCA-R3-PC, 2004 WL 948390, at *2 (Tenn. Crim. App., at Nashville, Mar. 9, 2004) *no Tenn. R. App. P. 11 application filed*.

In our determination of whether the statutory provision in the case at bar is mandatory or directory, we find helpful this Court's decision in State v. Haddon, 109 S.W.3d 382 (Tenn. Crim. App. 2002). In that case, the Defendant argued that his prosecution for driving under the influence of intoxication ("DUI"), second offense, should be dismissed because the State failed to comply with Tennessee Code Annotated section 55-10-403(g)(3)(ii) (2003), which provides, in relevant part, that "[f]ollowing indictment by a grand jury, the defendant shall be given a copy of the . . . printout at the time of arraignment." The Defendant asserted that neither he nor his attorney was given the requisite copy of the printout at the time of arraignment, that this statutory requirement was mandatory, and that, therefore, the State's noncompliance should result in dismissal of the Defendant's prosecution. Haddon, 109 S.W.3d at 384. The trial court granted the Defendant's motion due to the State's failure to comply with Tennessee Code Annotated section 55-10-403(g)(3)(ii). Id. On appeal, this Court held:

> There is no doubt that the pertinent statutory provision in Tennessee Code Annotated section 55-10-403(g)(3)(ii) relates to the time of doing an act, i.e. providing a defendant with a copy of the Department of Safety computer printout, and that it would ordinarily be directory rather than mandatory. Furthermore, the statute in this case does not provide a penalty for the State's failure to give Defendant a copy of the

---

[2] Tennessee Code Annotated section 55-10-207(a)(1) provides the guidelines for issuing citations "[w]henever a person is arrested for a violation of any provision of this chapter . . . ."

computer printout during the arraignment . . . . Thus, we conclude that the language in Tennessee Code Annotated section 55-10-403(g)(3)(ii), requiring a copy of the computer printout to be provided to the defendant at arraignment, is directory and not mandatory.

Id. at 386.

We find our holding in Haddon persuasive to our analysis in the case under submission. While the omission in the present case may affect the validity of the charging instrument, at issue is whether the State's failure to comply with the requirement under Tennessee Code Annotated section 55-10-207 that "the original citation delivered to the court shall be sworn to by the issuing officer before a magistrate" should result in dismissal of the Defendant's prosecution because the State's duty to comply with the provision is mandatory rather than directory. The purpose of this statute is to notify the person cited to appear in court on the stated date for the offense charged. Therefore, Tennessee Code Annotated section 55-10-207 relates to the time of doing an act and would ordinarily be directory rather than mandatory. In addition, no provision in Tennessee Code Annotated section 55-10-207 justifies dismissal or provides a remedy or penalty in the event that the State fails to comply. Accordingly we conclude that Tennessee Code Annotated section 55-10-207 is directory rather than mandatory, and the Defendant is not entitled to relief on this issue.

### III.  Conclusion

In accordance with the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE